Filed 6/16/21  P. v. Ramos CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

MARIO DUSTIN RAMOS, JR.,

    Defendant and Appellant.

E076276

(Super.Ct.No. FWV1203026)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Mario Dustin Ramos, Jr., appeals from an order of the San Bernardino County Superior Court denying his petition made pursuant to subdivision

1

(a)(1) of Penal Code section 1473.7[1] in an effort to vacate his judgment of conviction. We affirm.

## BACKGROUND

A jury convicted defendant of assault with force likely to produce great bodily injury (§ 245, subd. (a)(4)), and petty theft (§ 484, subd. (a)). It also found true an enhancement of personal infliction of great bodily injury. (§ 12022.7, subd. (a).) In addition, defendant admitted a prior prison term. (Former § 667.5, subd. (b).) He was sentenced to seven years in state prison. This court affirmed the judgment. (*People v. Ramos* (April 15, 2014, E059030) [nonpub. opn.].)

Upon his release in September 2018, defendant was transferred directly to the custody of the United States Immigration and Customs Enforcement agency.

In June 2019, defendant filed a section 1473.7 motion. That provision, which became effective January 1, 2017, authorizes a person no longer in criminal custody to move to vacate a conviction or sentence that is legally invalid due to a prejudicial error which resulted in damage to the person's ability to understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of entering a guilty plea. (§ 1473.7, subd. (a)(1).) In his motion, defendant argued he was not aware his "plea" would cause him to lose his residency status and result in mandatory deportation from the United States. He averred his public defender did not mention those or any other adverse immigration consequences and, based upon his understanding of

---

[1] All further statutory references are to the Penal Code.

what she did tell him, he thought he would obtain an early release if he "accepted the plea."

The court appointed conflict counsel for defendant. At the hearing, the court denied the motion based upon the fact defendant was convicted by a jury. Defendant appealed, and this court appointed counsel to represent him.

## DISCUSSION

Defendant's counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S 738, setting forth statements of the case and facts. Counsel suggests the following potentially arguable issue: whether the trial court erred when it denied defendant's motion to vacate his sentence in view of his claim that he would have tried to obtain an immigration-neutral or other more favorable plea agreement had he been advised of the adverse immigration consequences. Counsel also requests this court to conduct an independent review of the entire record.

When, an indigent defendant takes a direct appeal from the judgment and appointed appellate counsel files an opening brief that does not present an arguable issue, it is well settled that the appellate court must offer the defendant an opportunity to submit a personal supplemental brief and to review the entire record whether or not the defendant files a brief. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.)

We acknowledge *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review granted October 14, 2020, S264278, held the constitutional bases for *Wende*

3

procedures apply only to a defendant's direct appeal from the judgment. We also recognize that we have discretion to exercise our inherent supervisory powers to apply *Wende* procedures to appeals from denials of postconviction relief in which appointed appellate counsel files a no-issues brief. Accordingly, appellate courts have traditionally afforded defendants an opportunity to personally file a supplemental brief when appointed counsel has submitted a no-issues brief in a postjudgment appeal. (*People v. Scott* (2020) 58 Cal.App.5th 1127, 1131 (*Scott*), review granted Mar. 17, 2021, S266853.)

Appellate courts are divided, however, with respect to whether we should exercise our discretion to conduct an independent review of the record if a defendant does not respond to an invitation to file a supplemental brief. (E.g., *People v. Cole*, *supra*, 52 Cal.App.5th at pp. 1038-1039 [Second Dist., Div. Two, no independent review of record when no supplemental brief filed, dismissed the appeal as abandoned]; *People v. Flores* (2020) 54 Cal.App.5th 266, 269, 273-274 [Fourth Dist., Div. Three, conducted independent review of record even though defendant did not file a supplemental brief].)

Recent opinions issued by this court reflect the division in approach to the situation in which defendant does not file a supplemental brief. In *Scott*, one panel concluded there is no reason to conduct an independent review of the record or to issue an opinion in such a case and dismissed the appeal as abandoned. (*Scott*, *supra*, 58

4

Cal.App.5th at pp. 1131-1132 (but see dis. opn. of Miller, J.); accord *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870.)

In *People v. Gallo* (2020) 57 Cal.App.5th 594 (*Gallo*), another panel of this court concluded the interests of justice call for independent review of the record in postjudgment no-issue appeals even if the defendant has not filed a supplemental brief. (*Id.* at p. 599 (but see dis. opn. of Menetrez, J.); accord *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when an appointed counsel files a *Wende* brief in an appeal from a summary denial of a section 1170.95 petition, reviewing court is not required to independently review the entire record, but the court can and should do so in the interests of justice]; see *People v. Allison* (2020) 55 Cal.App.5th 449, 456 [court of appeal has the discretion to review the record in the interests of justice].)

We respectfully disagree with *Scott* and find the procedure in *Gallo* provides indigent defendants an additional layer of due process while consuming comparatively little in judicial resources.

Here, we offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, and in keeping with *Gallo*, *supra*, 57 Cal.App.5th 594, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ_____

P. J.

I concur:

McKINSTER_____

J.

[*People v. Mario Dustin Ramos, Jr.*, E076276]

MENETREZ, J., Dissenting.

Because this is an appeal from a postjudgment order, *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 do not require us to read the entire record ourselves to look for arguable grounds for reversal. (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45; *People v. Serrano* (2012) 211 Cal.App.4th 496, 498.) Appointed appellate counsel filed a brief raising no issues, and defendant was given the opportunity to file a personal supplemental brief but declined. The appeal should accordingly be dismissed as abandoned. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1129-1130.) Moreover, appellant was convicted by jury trial, not by plea of guilty or no contest. Subdivision (a)(1) of Penal Code section 1473.7 consequently has nothing to do with appellant, so reading every page of the record to look for reversible error is pointless and benefits no one.

MENETREZ
J.

1